**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-24434-CIV-ALTONAGA**

**JUAN ALMEIDA TORRES**,

 Petitioner,

v.

**WARDEN, KROME NORTH**
**SERVICE PROCESSING**
**CENTER**, *et al.*,

 Respondents.

_____/

## ORDER

**THIS CAUSE** came before the Court on *pro se* Petitioner, Juan Almeida Torres's Petition for a Writ of Habeas Corpus under 28 U.S.C. [Section] 2241 [ECF No. 1], filed on June 18, 2026.[1] Respondents filed a Response [ECF No. 8] on July 18, 2026. The Court has reviewed the parties' written submissions, the record, and applicable law. For the following reasons, the Petition is dismissed.

***Background.*** On February 20, 2026, U.S. Immigration & Customs Enforcement ("ICE") detained Petitioner. (*See* Pet. 4).[2] On June 18, 2026, Petitioner filed the Petition, challenging the lawfulness of his detention at the Krome North Service Processing Center in Miami, Florida. (*See generally* Pet.). The Court liberally construes the Petition as requesting a bond hearing. (*See id.*

---

[1] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (citations omitted). "Absent evidence to the contrary, [the Court assumes] that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (alteration added; citation omitted).

[2] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

7 (requesting the Court "direct[] the Respondents to bring the Petitioner to this [C]ourt at a time to be specified and explain why [he] should not be released from custody immediately." (alterations added))).

Respondents advise that on July 17, 2026, Petitioner was released from ICE custody.  (*See* Resp. 1 (citations omitted); *see also id.*, Ex. B, Detention History [ECF No. 8-2] 1 (reflecting Petitioner's release on July 17, 2026)).

**Legal Standard.**  A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  *Powell v. McCormack*, 395 U.S. 486, 496 (1969) (citation omitted); *see also Westmoreland v. Nat'l Transp. Safety Bd.*, 833 F.2d 1461, 1462 (11th Cir. 1987) ("When effective relief cannot be granted because of later events, the [case] must be dismissed as moot." (alteration added; citation omitted)).  When a petitioner is released during the pendency of his habeas petition, the issue is "whether [the] petitioner's subsequent release caused the petition to be moot because it no longer presented a case or controversy[.]"  *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (alterations added).

A court may hear an otherwise moot case when either "collateral consequences" remain, or the injury is "capable of repetition yet evading review[.]"  *Brooks v. Ga. State Bd. of Elections*, 59 F.3d 1114, 1120–21 (11th Cir. 1995) (alteration added; collecting cases).  Generally, however, "a habeas petition presents a live case or controversy only when a petitioner is in custody."  *Salmeron v. Spivey*, 926 F.3d 1283, 1289–90 (11th Cir. 2019) (citations omitted).

**Discussion.**  Given Petitioner's release, the Court can no longer grant the relief sought in the Petition — a hearing to determine the lawfulness of Petitioner's continued confinement.  *See Westmoreland*, 833 F.2d at 1462; *see, e.g., Mehmood v. U.S. Att'y Gen.*, 808 F. App'x 911, 913 (11th Cir. 2020) ("[Petitioner's] petition for habeas corpus seeks relief from immigration

detention, and that is relief [the court] simply cannot provide because he is no longer detained by ICE[.]" (alterations added; footnote call number omitted)).   Moreover, no exception to the mootness doctrine applies.  *See, e.g.*, *France v. Ripa*, No. 24-cv-24333, 2025 WL 973532, at *3 (S.D. Fla. Apr. 1, 2025) (finding the petitioner failed to satisfy a mootness exception following his release from ICE custody where there was "no longer an actual injury traceable" to his detention and "no evidence" the petitioner would "ever be held in mandatory detention again" (quotation marks and citations omitted)).   Thus, the Petition must be dismissed as moot.[3]

Accordingly, it is

**ORDERED AND ADJUDGED** that *pro se* Petitioner, Juan Almeida Torres's Petition for a Writ of Habeas Corpus under 28 U.S.C. [Section] 2241 **[ECF No. 1]** is **DISMISSED without prejudice**.  The Clerk is directed to **CLOSE** the case.

**DONE AND ORDERED** in Miami, Florida, this 21st day of July, 2026.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:   Petitioner, *pro se*
        counsel of record

---

[3] To be sure, a habeas petition filed by an "alien who challenges not only his detention, but also his final order of removal, may survive a mootness challenge." *Spivey*, 926 F.3d at 1290 (citing *Moore v. Ashcroft*, 251 F.3d 919, 922 (11th Cir. 2001); other citation omitted).  But where a petitioner "only challenge[s] his detention, and not his final order of removal[,]" "his habeas claim is moot." *Id.* (alterations added).  Here, Petitioner does not challenge a final order of removal; he challenges only his detention pending removal. (*See generally* Pet.).